MILBURN WAGON COMPANY *vs.* RICHARD EVANS and another.

December 16, 1882.

**Agency—Failure by Agent to have Property of Principal Insured.—A** contract by agents with their principal, respecting property delivered to the agents for sale, required the latter to "take out a policy or policies of insurance * * * for the benefit" of the principal, and to pay the expense of the same. It further provided that any property unsold eight months after its consignment to the agents, should be subject to the order of the principal. Contract construed as not requiring the agents to keep the property insured, but only to insure it for a reasonable time, not exceeding eight months. Hence the agents were not liable for the value of such property destroyed by fire, without their fault, three years after its consignment to them under such contract.

Appeal by plaintiff from a judgment of the district court for Olmsted county, after a trial before *Buckham*, J., and a jury. The case is stated in the opinion.

*Jones & Gove*, for appellant, cited *Ela* v. *French*, 11 N. H. 356; *Keane* v. *Branden*, 12 La. An. 20; *Douglas* v. *Murphy*, 16 U. C. Q. B. 113; *Morris* v. *Summerl*, 2 Wash. 203; *Chicago Building Society* v. *Crowell*, 65 Ill. 453; Sedgwick on Damages, 403; Dunlap's Paley on Agency, 18.

*Chas. C. Willson*, for respondent, cited 2 Schouler on Pers. Prop. 699; Edwards on Bailments, 169, 288; *Meldrum* v. *Snow*, 9 Pick. 441; *Beller* v. *Schultz*, 44 Mich. 529; *Terry* v. *Wheeler*, 25 N. Y. 520; *St. Paul & S. C. R. Co.* v. *Minn. & St. L. Ry. Co.*, 26 Minn. 243.

DICKINSON, J.[*] In August, 1877, a contract was entered into in writing between the plaintiff and defendants, by the terms of which the latter were constituted agents of the plaintiff for the sale of its wagons. The agents were to pay freight charges upon wagons shipped to them for sale, and to "take out a policy or policies of insurance in some good and reliable company, in the name and for the benefit of the party of the first part," (plaintiff,) and "forward the same to its

[*]Gilfillan, C. J., because of illness, took no part in this case.

office at Toledo, and pay the expense, of such policy or policies."
They were to make sales and account for the same; receiving for
compensation and reimbursement whatever the wagons should be
sold for in excess of "list price," with which they were to be charged
by the principal.  Any wagons unsold eight months after shipment
were to be subject to the order of the principal, by paying freight on
the same.  Wagons were shipped to the agents in August, 1877, and
two policies of insurance were taken out by them, running, respect-
ively, six and twelve months.  The policies were sent by mail to the
principal, but do not appear to have ever been received.  No other
insurance was effected.  In August, 1880, some of the wagons still
remained in the agents' possession unsold, and were then destroyed
by fire without their fault.  The district judge, upon these facts, held
that the defendants were not responsible to the plaintiff for the price
or value of the wagons so destroyed.

The only question presented upon this appeal is as to the correct-
ness of such conclusion.  We think it was right.  The property re-
mained that of the principal, and the contract, did not in terms
make its agents insurers of it, or responsible for its destruction.  The
only ground upon which they can be claimed to be answerable is
that, in violation of an obligation imposed by the contract, they failed
to maintain insurance upon the property three years after it was con-
signed to them.  The contract did not impose such an obligation.
It required the agents, at their own expense, to effect insurance
in favor of their principal, but prescribed no period for which it
should be effected, or during which it should be maintained.  It did
not require them to keep the property insured during all the time it
might remain in their possession, nor can the contract be fairly in-
terpreted as expressing such an intention, especially in view of the
provision which entitled plaintiff, at any time after the expiration of
eight months, to retake the property by merely reimbursing the
agents the freight which they had paid on the same.  The defendants
could not take out a policy of insurance for any definite time after
the expiration of eight months, without the hazard of paying pre-
mium for insurance covering a period beyond that during which they
would have possession of the property with the right to sell and

reimburse themselves the expense of such insurance, for the plaintiff might retake the property at any time, without repaying the costs of the unexpired insurance. The contract cannot be construed as requiring more than that the defendants should effect insurance for a reasonable time, not exceeding eight months. They are not to be held answerable for property destroyed, without their fault, three years after the making of the contract, and the delivery of the property to them under it.

Judgment affirmed.